**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**SINGING COWBOY, INC., et al.**                                   **PLAINTIFFS**


**v.**                                   **CIVIL ACTION NO. 3:25-cv-00024-CWR-LGI**


**ADEM OBEID**                                                   **DEFENDANT**

## ORDER

Before the Court is Defendant's Motion to Quash Subpoenas to Third Parties [16]. Plaintiffs file a response to the motion. *See* Response in Opposition to Motion to Quash, [22]. Defendant did not file a rebuttal to Plaintiffs' response in opposition. This matter is ripe for review. This Court, having considered the submissions, the record and relevant law, finds that the Motion to Quash Subpoenas [16] is denied, as discussed below.

### I.    Motion to Quash Subpoenas to Third Parties

On December 19, 2025, Plaintiffs filed a Notice of Intent [15] to serve subpoenas upon eight (8) non-parties: A & A 4, LLC; A & A Express Lane 3, LLC; Daily Deals 1, LLC; House Grocery, LLC; One Stop Shop of Meridian, LLC; Xpress Lane #102, LLC; Xpress Lane #104, LLC; and Xpress Lane 39 North LLC. Each subpoena requested that "the LLC shall produce documents in the actual or constructive possession of the LLC, . . . including . . . computer files like spreadsheets or other electronically stored information."[1] The Notice commanded that the documentation be produced by January 3, 2026. *See* Doc. [15-1].

---

[1] Specifically, each subpoena sought: "(1) LLC agreements or other records reflecting ownership contributions and percentages of the members of the LLC, including Adem Obeid. (2) Tax returns for 2021 to present for the LLC, as well as K-1's provided to all LLC members during the same time. (3) Monthly bank statements for accounts (i) of the LLC, and (ii) from which business expenses are paid or into which business revenues are deposited. (4) Financial records for the LLC reflecting (i) total receipts and cash receipts for the years 2021-2025, and (ii) total expenses during the same time. (5) Copies of any leases, deeds or other real estate interests held by the LLC with respect to the buildings and/or land utilized by the LLC for its business operations." Doc. [15-1].

On December 29, 2025, the undersigned granted the parties' Unopposed Motion to Extend Deadlines [14]. *See* Text-only Order, dated 12/29/2025. As a result, the discovery deadline was extended from December 19, 2025, to March 3, 2026.

On January 29, 2025, Defendant filed the instant Joint Objection and Motion to Quash Subpoenas to Third Parties, on behalf of himself and "as representative of interested parties." Doc. [16]. Defendant objects to the subpoenas, arguing that: 1) Plaintiffs failed to provide prior notice before serving the subpoenas, 2) the financial information sought is irrelevant to the current proceedings, 3) the subpoenas impose an undue burden and expense on the nonparties, 4) discovery of the financial information sought is premature at this stage of litigation, and 5) the subpoenas seek sensitive financial information. *Id*.

Defendant admits that Plaintiff filed the first Notice of Intent to serve subpoenas, but he contends Plaintiffs failed to actually serve the first set of subpoenas. Memorandum in Support of Motion to Quash, Doc. [17] at 2-3. Defendant takes issue with the fact that Plaintiffs served a second set of subpoenas on the third parties – which provided shortened periods of time to comply – but failed to file a second notice of intent before serving the second set of subpoenas. *Id*. at 3. Defendant argues the failure to file the requisite notice amounts to a procedural bar and warrants quashing the subpoenas. *Id*. at 7 (quoting F.R.C.P. 45(a)(4).

Plaintiffs argue Defendant's alleged procedural bar is without merit, because notice of the subpoenas was satisfied. Response in Opposition, Doc. [22] at 6. Plaintiffs note that the parties filed an unopposed motion to extend discovery on the same day that they filed the notice of intent to serve the eight subpoenas. *Id*. They assert the subpoenas were not served until after the Court extended the discovery deadline. *Id*. And, when they served the subpoenas, they were "the exact same subpoenas [and] included the December 19, 2025 notice" with a more generous deadline for

the businesses to respond. *Id*. Plaintiffs argue Obeid has not been deprived of a fair opportunity to protect his interests, and he has not shown any prejudice based on the updated subpoena response deadlines. *Id*. at 7. Thus, Plaintiffs submit that the notice requirement was met.

Next, Defendant challenges the subpoenas as irrelevant. Obeid argues the Plaintiffs are not entitled to discovery of his financial information or that of non-parties where he is a minority partner in the businesses. [17]. He contends there is nothing in the requests to support Plaintiffs' claims for non-payment and guaranty of a commercial lease. *Id*. Further, he claims discovery of the LLC's financial information is premature at this stage of litigation, as such information would be more appropriate post-judgment if Plaintiffs prevailed and obtained a judgment against Defendant. *Id*. at 9. Defendant argues the subpoenas essentially amount to a judgment debtor exam, without a judgment. *Id*.

In response, Plaintiffs argue they are entitled to the subpoenaed records, as the information falls within the broad scope of discovery of Rule 26(b). [22] at 7. Plaintiffs state the requested information is relevant to Obeid's credibility and necessary to assess whether he committed fraud when entering into the subject lease agreement. *Id*. They disagree with Defendant's "unrealistic view" that the relevant issues are limited to non-payment and guaranty of a commercial lease. *Id*. at 8. They also say relevance should not be based on Obeid's conclusion that the subpoenas are premature and would only be needed to enforce a future judgment. *Id*. Plaintiffs submit the subpoenas are justified and particularly important, because the requested information is needed to evaluate the credibility of Obeid's prior disclosure of $800,000, which he used to induce Plaintiffs to sign a long-term lease and personal guaranty. *Id*. Plaintiffs believe evaluating Obeid's asset valuations, via the third-party subpoenas, is one of the only ways they can attack the Defendant's credibility. *Id*.

3

Finally, Defendant argues the third-party subpoenas impose an undue burden and expense on the non-parties. *Id*. at 8. He contends the expense of gathering the requested information is burdensome, as the banking institutions for the LLCs would be required to pull records going back over five years. *Id*. In addition to his claims that he should be protected from undue burden and expense under Rule 45, Obeid also notes privacy concerns. He says the subpoenas seek sensitive financial information that disregards the privacy interests of Defendant and the non-party partners, who have no connection to this litigation. *Id*. at 9.

Obeid also offers an alternative solution. *Id*. If this Court declines to quash the subpoenas, he requests that the subpoenas be modified to protect the interests of the third parties, that the Plaintiffs be required to pay all costs of production, provide a minimum of thirty days to comply with the requests, and limit discovery to the time period surrounding the entry of the lease. *Id*.

Plaintiffs contend Obeid has no standing to seek to quash the subpoenas issued to the non-parties. [22] at 9. They argue Obeid has not shown undue burden. Specifically, they contend Obeid's claim that the LLCs would be burdened by having to ask their banks to pull records is not inherently burdensome to the LLCs. *Id*. Although they argue that Obeid has not established an undue burden on the part of each business, Plaintiffs assert the proper recourse would be to seek a protective order under Rule 26(c). *Id*.

Plaintiffs also suggest that the subpoenas be modified rather than quashed. *Id*. They note that on the same day the Defendant filed the instant motion, each of the businesses produced tax returns and K-1s from 2021-2024 and their most recent bank statements. *Id*. at 5. Plaintiffs state the businesses did not produce leases for business property or LLC agreements that reflect Obeid's partial ownership. *Id*. And they note that Obeid's motion to quash does not assert any specific arguments to quash these discrete requests for the LLC agreements, additional bank statements or

other reports of cash/other relevant during the relevant time, and any real estate leases. *Id*. at 2-3. They contend Defendant's own motion violates the procedural requirements that apply to all discovery motions. *Id*. at 3.

"First, [m]otions regarding subpoenas are considered discovery motions and are governed by the procedural requirements that govern discovery motions." *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2017 WL 8682109, at *1 (S.D. Miss. June 13, 2017) (quoting L.U. Civ. R. 45(e) (internal quotation marks omitted)). Rule 45(A)(4) of the Federal Rule of Civil Procedure provides in relevant part, "If the subpoena commands the production of documents, electronically stored information, or tangible things for inspection . . ., then before it is served on the person to who it is directed, a notice and a copy of the subpoena must be served on each party." F.R.C.P. 45(a)(4). Here, there is no dispute that notice of intent to serve the subpoenas was indeed provided before the subpoenas were served on the businesses. Defendant simply complains that Plaintiffs did not file a second notice of intent before serving the nearly identical subpoenas on the businesses. Considering the nearly identical nature of the subpoenas and the parties' subsequent communication following service, the Court finds that the notice requirement was met. Thus, the fact that Plaintiffs neglected to file a second notice of intent, providing virtually the same information, is inconsequential and resulted in no prejudice to the businesses.

Next, the Court addresses Defendant's standing to oppose subpoenas issued to non-parties. "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the document sought." *Ezell v. Parker*, No. 2:14-CV-150-KS-MTP, 2015 WL 859033, at *1–2 (S.D. Miss. Feb. 27, 2015) (quoting Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459; *see also Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir.1979)). A party has standing to

challenge a subpoena issued to a non-party if the subpoena seeks proprietary, confidential, or protected information sensitive to the party. *See, e.g., Old Towne Dev. Grp., L.L.C. v. Matthews,* 2009 WL 2021723, at *1 (M.D. La. July 9, 2009) (finding that a party had standing to challenge a subpoena issued to a bank because he claimed a legitimate privacy interest in the requested bank records). *Id.* Here, Defendant expresses privacy concerns regarding the production of financial information of businesses where he is a minority partner.

Notably, Defendant files his motion "individually and as representative of interested parties," and he provides a list of his ownership percentages in each of the third-party businesses served with subpoenas. *See* [17] 4-5. It is important to note that Defendant does not have 100% ownership of any of the businesses served with a subpoena. By his own assertion, he is only 50% co-owner of two of the eight businesses served; his ownership of the other six businesses ranges from 20% to 40%. *Id.* Defendant does not attach any documentation from the co-owners, reflecting that they have conveyed their authority to Defendant, allowing him to act as the sole representative for the businesses.

Upon due consideration, the Court denies the motion to quash, noting that Defendant has not made a sufficient showing that he, "as a minority partner" and without full authority to act as representative of the third parties, has standing to challenge the subpoenas issued to third-party businesses. The Court finds that Defendant lacks standing to oppose the subject subpoenas issued to these non-party businesses. As such, Plaintiffs may proceed with their subpoenas to the various businesses.

## II.    Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Quash Subpoenas to Third Parties [16] is hereby DENIED.

6

**SO ORDERED**, this the 11th day of August, 2026.

 /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE